UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATIONAL PAYMENT SYSTEMS, LLC<br><br>and<br><br>NATIONAL PAYMENT SYSTEMS OR, LLC<br><br>　　　　　Plaintiffs,<br>　　v.<br><br>PHILADELPHIA INDEMNITY INSURANCE COMPANY d/b/a PHILADELPHIA INSURANCE COMPANIES,<br><br>　　　　　Defendant. | CIVIL ACTION<br><br>No.:<br><br>*Jury Trial Demanded* |

## COMPLAINT

Plaintiffs National Payment Systems, LLC ("National") and National Payment Systems OR, LLC ("National OR," and collectively with National, "Plaintiffs" or "National Companies"), through its undersigned counsel, file this civil complaint (the "Complaint") against the above-referenced Defendant and allege as follows:

### INTRODUCTION

1.　This case arises from Defendant's bad faith refusal to acknowledge or pay Plaintiffs' timely tendered insurance claim for defense costs in connection with a class action lawsuit in which Plaintiffs are named as defendants. For more than five months, Defendant has ignored Plaintiffs' insurance claim and repeated follow-up inquiries. Most recently, Defendant resorted to feigning ignorance about Plaintiffs' claim and thereafter refused to

engage. As a result, Plaintiffs have been denied the coverage they are entitled to under a policy for which they paid a significant premium. Defendant's bad faith has and continues to hinder Plaintiffs' defense in the class action lawsuit.

## PARTIES

2. National is a Wyoming limited liability company with its principal place of business and headquarters in Portland, Oregon.

3. The sole member of National is Eventus Holdings, LLC ("Eventus").

4. The members of Eventus are Sabin Burrell, Jon Beckman, and John Hynes.

5. Sabin Burrell is an adult individual residing in Seattle, Washington.

6. Jon Beckman is an adult individual residing in Portland, Oregon.

7. John Hynes is an adult individual residing in Los Angeles, California.

8. National OR is an Oregon limited liability company with its principal place of business and headquarters in Portland, Oregon.

9. The members of National OR are Jon Beckman and Brad Law.

10. Brad Law is an adult individual residing in Granite Bay, California.

11. Defendant Philadelphia Indemnity Insurance Company d/b/a Philadelphia Insurance Companies ("Philadelphia") is a Pennsylvania corporation with its principal place of business and headquarters in Bala Cynwyd, Pennsylvania.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this District, and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims in this action occurred in this District.

## FACTUAL BACKGROUND

### Philadelphia Commercial Lines Insurance Policy

14. Philadelphia issued an insurance policy under policy number PHSD1437922 to the National Companies and their affiliates and subsidiaries that included, among other things, coverage for any claim made against National Companies relating to "any actual or alleged … act, error, omission, misstatement, misleading statement, neglect, or breach of duty committed or attempted by [National Companies]" for the period from April 15, 2019 to April 15, 2020 (the "Policy"). A true and correct copy of the Policy is attached as **Exhibit A** and incorporated by reference.

15. Under the Policy, a "claim" means and includes "a judicial or civil proceeding commenced by the service of a complaint or similar proceeding commenced by the service of a complaint or similar pleading." Ex. A (Document Bates No. NPS_000035).

16. Pursuant to the Policy, Philadelphia agreed that, upon tendering of a claim by the National Companies, Philadelphia "shall undertake and manage the defense" of the tendered claim and bear the costs to defend the claim. Ex A (Document Bates No. NPS_000041).

17. Under the Policy, Philadelphia also agreed to pay on behalf of National Companies any Loss, as defined in the Policy, from any Claim made against National Companies, and that Loss under the Policy includes Defense Costs. *Id.* (Documents Bates Nos. NPS_000029, 35-37).

**Plaintiffs' Demand for Coverage for Defense Costs and Indemnity in Class Action Lawsuit Filed by Floyd and Fabricant in California**

18. On March 30, 2020, National and National OR were named as defendants in a class action lawsuit filed by Louis Floyd and Terry Fabricant in the United States District Court for the Northern District of California (San Jose Division), docketed at Case No. 5:20-cv-02162 (the "California Class Action Lawsuit"). A true and correct copy of the complaint from the California Class Action Lawsuit is attached as **Exhibit B** and incorporated by reference.

19. In the California Class Action Lawsuit, the plaintiffs allege that National Companies violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1). *Id.* at p. 18.

20. On April 1, 2020, the complaint in the California Class Action Lawsuit was served on National Companies.

21. On April 2, 2020, National Companies, through their counsel at Tonkon Torp LLP, timely tendered the California Class Action Lawsuit to Philadelphia and requested that Philadelphia defend and indemnify National Companies against the California Class Action Lawsuit (the "Tendered Claim"). A true and correct copy of the tender letter dated April 2, 2020 from National Companies to Philadelphia (the "April 2 Tender Letter") is attached as **Exhibit C** and incorporated by reference.

22. On May 1, 2020, having received no response from Philadelphia to the April 2 Tender Letter, National Companies, through their counsel at Kutak Rock LLP, sent another letter to Philadelphia, with the April 2 Tender Letter enclosed, and requested a response from Philadelphia no later than May 16, 2020. A true and correct copy of the letter dated May 1,

2020 from National Companies to Philadelphia (the "May 1 Letter") is attached as **Exhibit D** and incorporated by reference.

23. On June 12, 2020, having received no response from Philadelphia, National Companies, through its counsel, called Philadelphia to inquire as to why Philadelphia had refused to respond to the April 2 Tender Letter and the Tendered Claim.

24. On this call, National Companies was directed to Michael Adler, a senior claims specialist at Philadelphia.

25. Philadelphia, through Mr. Adler, told National Companies that it would investigate why Philadelphia had not responded to the April 2 Tender Letter and the Tendered Claim.

26. On June 12, 2020, National Companies sent Philadelphia, through Mr. Adler, an email documenting the phone call. A true and correct copy of this email is attached as **Exhibit E** and incorporated by reference.

27. On July 9, 2020, having heard nothing from Philadelphia since the June 12 phone call, National Companies, through its counsel, sent Philadelphia another email following up on the April 2 Tender Letter and May 1 Letter. *See* Ex. E.

28. Philadelphia, through Mr. Adler, claimed to have no knowledge of the June 12 phone call and matters discussed therein, and responded as follows: "I am at a loss as to what this relates to. I handle EPL claims I [*sic*] doubt you have the right person." *Id.*

29. That same day, July 9, 2020, Philadelphia, through Mr. Adler, and National Companies, through its counsel, had another phone call where Philadelphia confirmed that it had not assigned a claim number to the Tendered Claim and stated that the matter had "fallen through the cracks." *Id.*

5

30. On the July 9 phone call, Philadelphia endeavored, once again, to investigate why Philadelphia had not responded to the April 2 Tender Letter and the Tendered Claim. *See id.*

31. Philadelphia never reported back to National Companies with the results of its investigation, and in fact, never contacted National Companies after the July 9 phone call.

32. Philadelphia has still not responded to the April 2 Tender Letter, which was sent more than five months ago.

33. Philadelphia has not assigned a claim number to the Tendered Claim, which was submitted more than five months ago.

34. Philadelphia has not undertaken and managed the defense of National Companies in the California Class Action Lawsuit and has not borne the costs to defend the California Class Action Lawsuit.

35. National Companies have incurred costs and attorney fees in excess of $75,000 in connection with defending the California Class Action Lawsuit, for which it seeks reimbursement from Philadelphia.

36. Given the nature of the California Class Action Lawsuit, National Companies expected to incur significant costs and attorney fees in the future.

37. Philadelphia's refusal to cover the Tendered Claim is hindering Plaintiffs' defense in the California Class Action Lawsuit.

38. National Companies timely tendered the California Class Action Lawsuit to Philadelphia and requested that Philadelphia defend and indemnify National Companies against the California Class Action Lawsuit.

39. After National Companies timely tendered the California Class Action Lawsuit to Philadelphia, National Companies followed up with Philadelphia multiple times, trying to get Philadelphia to engage on the Tendered Claim.

40. National Companies never received any response or explanation from Philadelphia as to why it was refusing to, and ignoring its obligation to, provide coverage for the Tendered Claim.

## COUNT I –BREACH OF CONTRACT

41. National Companies incorporate by reference the preceding paragraphs of this Complaint as though set forth herein in their entirety.

42. National Companies have performed and satisfied all of the terms, conditions, covenants, and obligations imposed on and required of them under the terms of the Policy, or by law.

43. The Loss sustained by National Companies is covered under the Policy.

44. Philadelphia has breached its obligations under the Policy by failing and refusing to accept National Companies' Tendered Claim.

45. Philadelphia's refusal to pay the Tendered Claim is a material breach of the Policy.

46. As a direct and proximate result of Philadelphia's breach of the Policy, National Companies have been deprived of the benefit of insurance coverage under the Policy for which National Companies paid substantial premiums, and National Companies will incur significant costs, in an amount in excess of $75,000, associated with their defense of the California Class Action Lawsuit that should be paid by Philadelphia.

WHEREFORE, National Companies demand judgment in their favor and against Philadelphia in an amount in excess of $75,000, plus interest and costs, and such other relief as the Court may deem appropriate and proper under the circumstances.

## COUNT II – BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

47. National Companies incorporate by reference the preceding paragraphs of this Complaint as though set forth herein in their entirety.

48. Philadelphia, as an insurer, owes a duty of the utmost good faith and fair dealing to National Companies, as Philadelphia's insured.

49. Philadelphia had a burden to exercise reasonable care in investigating the Tendered Claim fairly and objectively.

50. Philadelphia could only reject the Tendered Claim where good cause exists to do so.

51. Philadelphia has breached its duty to deal in good faith and fairly with National Companies by, among others, not exercising reasonable care in investigating the Tendered Claim fairly and objectively, unreasonably delaying coverage for covered losses and defense costs under the Policy, not responding to the Tendered Claim, acting with reckless disregard of National Companies' rights under the Policy, lacking any good faith basis or reasonable basis for refusing to respond to the Tendered Claim, and compelling National Companies to initiate this lawsuit to obtain benefits due and owing to them under the Policy.

WHEREFORE, National Companies demand judgment in their favor and against Philadelphia in an amount in excess of $75,000, plus interest and costs, and such other relief as the Court may deem appropriate and proper under the circumstances.

## COUNT III – BAD FAITH UNDER 42 Pa.C.S. § 8371

52. National Companies incorporate by reference the preceding paragraphs of this Complaint as though set forth herein in their entirety.

53. Through the Tendered Claim, National Companies have supplied Philadelphia with evidence of the Loss and that such Loss falls within the Policy's coverage.

54. Despite having received the Tendered Claim, Philadelphia has breached its duty to deal in good faith and fairly with National Companies by, among others:

    a. Unreasonably and frivolously delaying and refusing to provide coverage for covered losses and defense costs under the Policy;

    b. Not exercising reasonable care in investigating the Tendered Claim fairly and objectively;

    c. Ignoring the Tendered Claim for five months;

    d. Refusing to deal with its insured in good faith and intentionally ignoring the repeated written and oral inquiries about the status of the Tendered Claim;

    e. Falsely representing to its insured that it had no record of the Tendered Claim having been made;

    f. Refusing to conduct any investigation of the Tender Claim;

    g. Acting with a dishonest purpose as to National Companies;

    h. Acting with reckless disregard for National Companies' rights under the Policy;

    i. Avoiding payment to National Companies for its own purposes and financial gain;

    j. Failing to pay the Tendered Claim in whole or in part;

        k.      Failing to pay the Tendered Claim in a timely manner;

        l.      Evading the spirit of the bargain;

        m.      Intentionally and recklessly failing to perform under the Policy and law;

        n.      Interfering with National Companies' ability to conduct business; and

        o.      Compelling National Companies to institute this action to obtain benefits due and owing to them under the Policy.

55. Philadelphia does not have a reasonable basis for ignoring the Tendered Claim and delaying or refusing to provide benefits to National Companies under the Policy.

56. Philadelphia knew it had no reasonable basis for ignoring the Tendered Claim but continue to ignore it anyway.

57. Despite repeated demands by National Companies for Philadelphia to investigate the Tendered Claim and provide coverage under the Policy, Philadelphia refused to investigate the Tendered Claim or provide coverage under the Policy.

58. Philadelphia acted in bad faith in ignoring the Tendered Claim for months, knowing that National Companies was incurring substantial expenses in the California Class Action Lawsuit.

59. Philadelphia's failure to and refusal to honor the Tendered Claim constitutes bad faith within the meaning of 42 Pa.C.S. § 8371.

WHEREFORE, National Companies demand judgment in their favor and against Philadelphia pursuant to 42 Pa.C.S. § 8371 for damages in an amount in excess of $75,000, plus interest and costs, punitive damages, attorneys' fees, and such other relief as the Court may deem appropriate and proper under the circumstances.

**COUNT IV– DECLARATORY JUDGMENT/RELIEF**

60. National Companies incorporate by reference the preceding paragraphs of this Complaint as though set forth herein in their entirety.

61. Philadelphia has failed and/or refused to discharge its responsibilities and obligations under the Policy and in a manner consistent with National Companies' rights.

62. National Companies have not contributed to the causes of the matters complained of herein; to the contrary, National Companies at all times acted reasonably, in good faith, and within the scope and terms of the Policy.

63. National Companies relied on the terms of the Policy as identifying coverage and the duties and obligations of Philadelphia to National Companies in the event of a Claim and Loss as described in the Policy and herein.

64. Philadelphia must provide coverage for the Tendered Claim as set forth herein and be estopped from denying coverage to National Companies for the Tendered Claim.

65. A judicial declaration and declaratory judgment is necessary and appropriate at this time so that National Companies may ascertain their rights under the Policy.

WHEREFORE, National Companies request that this Court enter and declare judgment in their favor and against Philadelphia as follows:

    a. That National Companies are Insured under the Policy;

    b. That the Tendered Claim is a covered Claim(s) under the Policy;

    c. That Philadelphia has an obligation to accept and pay the Tendered Claim in full;

    d. That Philadelphia assume National Companies' Defense Costs and associated costs in the California Class Action Lawsuit;

    e. That Philadelphia fully reimburse National Companies for all damages and costs, including reasonable attorneys' fees, incurred by National Companies, including in connection with this declaratory judgment action; and

    f. For such other and further relief that the Court, in its discretion, deems necessary, just, and appropriate under the circumstances.

## JURY TRIAL DEMAND

Plaintiffs respectfully demand a trial by jury on all claims and issues of the Complaint so triable.

          Respectfully submitted,

          KANG HAGGERTY & FETBROYT LLC

         By: */s/ Kandis L. Kovalsky*
            Edward T. Kang
            Kandis L. Kovalsky
            123 S. Broad Street, Suite 1670
            Philadelphia, PA 19109
            P: (215) 525-5850
            ekang@KHFlaw.com
            kkovalsky@KHFlaw.com
            *Attorneys for Plaintiffs*

Dated: September 15, 2020